John E. DeWulf (006850)
D. Andrew Gaona (028414)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 224-0999
F: (602) 224-6020
jdewulf@cblawyers.com
agaona@cblawyers.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>2245883 Ontario, Inc., an Ontario corporation; Kareem Eusoph Sethi and Jane Doe Sethi, husband and wife,<br><br>Defendants. | No. CV-18-04677-PHX-SMB<br><br>**ANSWER** |

For their Answer to the Complaint filed by Plaintiff Best Western International, Inc. ("Best Western"), Defendants 2245883 Ontario Inc., Kareem Eusoph Sethi, and Jane Doe Sethi (collectively, "Defendants") admit, deny, and affirmatively allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  Defendants admit the allegations in Paragraph 1.

2.  Defendants admit the allegations in Paragraph 2.

3.  Responding to the allegations in Paragraph 3, Defendants admit the first sentence of that paragraph. With respect to the second sentence of that paragraph, Defendants admit that the Application for Change in Voting Member states that "I understand that the voting member is personally liable for all Best Western obligations," but state that the legal implication of that clause is a legal conclusion to which no response is required.

{00425645.1 }

4. Responding to the allegations in Paragraph 4, Defendants admit that Mr. Sethi is currently married, and deny the remaining allegations in this paragraph.

5. Defendants admit the allegations in Paragraph 5.

6. Responding to the allegations in Paragraph 6, Defendants admit that this court has jurisdiction over the claims in this action and that venue is proper as the Complaint is pleaded.

7. Defendants admit the allegations in Paragraph 7.

## GENERAL ALLEGATIONS

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Responding to the allegations in Paragraph 10, Defendants admit that the Regulatory Documents determine many (but not all) of the parties' "rights and obligations," and deny the remaining allegations in this paragraph.

11. In response to the allegations in Paragraph 11, Defendants deny that Exhibit A to the Complaint is a complete copy of the Membership Agreement, and admit the remaining allegations in that paragraph.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants admit that Paragraph 14 accurately quotes Article II, Section B(5) of the Bylaws.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Responding to the allegations in Paragraph 17, Defendants admit that the Regulatory Documents state that a membership and the Best Western License may be terminated under certain circumstances, and deny the remaining allegations in this paragraph.

18. Defendants admit the allegations in Paragraph 18.

## DEFENDANTS' BEST WESTERN MEMBERSHIP

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Responding to the allegations in Paragraph 21, Defendants admit that this paragraph contains an accurate copy of a portion of the Application for Change in Voting Member executed on August 4, 2017, a document that speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24, and affirmatively allege that Best Western had been on notice of the Hotel's alleged non-compliance with the standards in the Regulatory Documents for some time, and never previously sought to terminate the Hotel's membership.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26, and affirmatively allege that during the hearing, Defendants provided the Board with a comprehensive renovation plan under which the Hotel would be in full compliance with all relevant standards by January 2019.

27. Responding to the allegations in Paragraph 27, Defendants generally admit those allegations, but affirmatively allege that the "hearing packet" was not comprehensive and did not include information pertaining to prior quarters.

28. Responding to the allegations in Paragraph 28, Defendants admit that the Best Western Board of Directors voted to cancel Defendants' membership, and lack knowledge or information sufficient to admit or deny the remaining allegations in that paragraph. Defendants further affirmatively allege, on information and belief, that Best Western seeks to transition from a non-profit membership model to a for-profit model, and that the cancellation of Defendants' membership based on previously-unenforced standards was pretextual.

29. In response to the allegations in Paragraph 29, Defendants admit that they were informed of the cancellation of their membership by phone on or about April 27, 2018, and by a letter dated April 30, 2018. Defendants deny the remaining allegations in this paragraph.

30. Responding to the allegations in Paragraph 30, Defendants affirmatively allege that the April 30, 2018 letter speaks for itself, and states that Defendants should "[m]ake arrangements to clear the remaining balance owed on your Best Western as soon as possible." Defendants deny the remaining allegations in this paragraph.

31. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 31.

32. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 32.

33. Responding to Paragraph 33, Defendants admit that they have not paid Best Western any sums toward their "outstanding account balance," and affirmatively allege that Best Western refused to provide Defendants with certain documentation substantiating the amount allegedly owed despite their specific request.

## COUNT I – BREACH OF CONTRACT

34. Paragraph 34 contains no new allegations, and Defendants incorporate by reference their responses to Paragraphs 1-33, *supra*.

35. Defendants admit the allegations in Paragraph 35.

36. Responding to the allegations in Paragraph 36, Defendants admit that they have not paid the amount that Best Western claims to be the "outstanding account balance" allegedly related to their now-cancelled membership. Defendants deny the remaining allegations in this paragraph, and affirmatively allege that Defendants have requested (and have not received) certain documentation substantiating the amount allegedly owed.

37. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 37.

38. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 38.

39. Responding to the allegations in Paragraph 39, Defendants admit that the Membership Agreement provides for monthly interest on unpaid amounts at 1.5% per month, but denies the remaining allegations in this paragraph.

40. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 40.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

41. Paragraph 41 contains no new allegations, and Defendants incorporate by reference their responses to Paragraphs 1-40, *supra*.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants admit the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny all headings and any other allegation or matter that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

47. Best Western's claims against Defendants may be barred by waiver, estoppel, the doctrine of unclean hands, the failure to mitigate, and Best Western's breach of the implied covenant of good faith and fair dealing.

## DEMAND FOR JURY TRIAL

48. Defendants hereby demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE Defendants request that the Court enter an order:

A. Dismissing the Complaint with prejudice;

B. Awarding Defendants their costs and reasonable attorneys' fees pursuant to the parties' various agreements, and A.R.S. §§ 12-341 and 12-341.01; and

C. Awarding Defendants any other relief the Court deems just and proper.

Respectfully submitted this 1st day of April, 2019.

**COPPERSMITH BROCKELMAN PLC**

By: s/ D. Andrew Gaona
John E. DeWulf
D. Andrew Gaona

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Sheri McAlister